UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:13-CR-00046-13-JRG |
| ) | |
| JAMEY EDWARD GUY ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Jamey Edward Guy's Pro Se Motion for Modification Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 595] and the United States' Response in Opposition [Doc. 603]. For the reasons herein, the Court will deny Mr. Guy's motion.

### I. BACKGROUND

In 2014, Mr. Guy pleaded guilty to conspiring to manufacture fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. [Plea Agreement, Doc. 270, at 1; Minute Entry, Doc. 317]. At sentencing, Mr. Guy's guidelines range was 108 to 135 months, [PSR, Doc. 431, ¶ 71], but he was subject to a 120-month mandatory minimum sentence under § 841(b)(1)(A), and his applicable guidelines range was therefore 120 to 135 months, *see* [Statement of Reasons at 1 (on file with the Court)]. The Court imposed the 120-month mandatory minimum sentence but departed downward to 117 months after granting Mr. Guy's unopposed motion for a downward departure. [*Id.* at 1–2; J., Doc. 495, at 2].[1]

Acting pro se, Mr. Guy now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline ("USSG") § 1B1.10 as amended by

---

[1] The Court departed downward under USSG § 5K2.23 to account for ninety days that Mr. Guy had served on a related sentence. *See* [PSR ¶ 87].

amendment 782. The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Mr. Guy's motion.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a prisoner will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements.

First, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting *id.*). For most drug offenses— including a conspiracy to distribute or possess with the intent to distribute crack cocaine— amendment 782 to the USSG has lowered the base offense level by two levels, and it is retroactively applicable. *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018); *United States v. Hall*, No. 3:10-CR-56-6, 2017 WL 1089494, at *1 (E.D. Tenn. Mar. 22, 2017); *see* USSG Suppl. App. C, Amdt. 782 (reducing "by two levels the offense levels assigned to the [drug] quantities in" the drug-quantity table in USSG § 2D1.1(c)).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* USSG § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). In determining whether a reduction is consistent with USSG § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." 28 U.S.C. § 994(u); *see Dillon v. United States*, 560 U.S. 817, 826–27 (2010). In doing so, the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the prisoner if amendment 782 had been in effect during sentencing—and it substitutes this guidelines range for the original guidelines range. *Dillon*, 560 U.S. at 827; USSG § 1B1.10(b)(1). A prisoner generally is not entitled to receive a reduction below the minimum of the amended guidelines range. USSG § 1B1.10(b)(2)(A).

If a reduction is consistent with USSG § 1B1.10, the Court must then shift its attention to any applicable factors under 18 U.S.C. § 3553(a), as well as to public-safety factors, to determine—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing USSG. § 1B1.10 cmt. background)); *see also* USSG § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); USSG § 1B1.10 cmt. n.1(B)(ii)–(iii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

3

Case 2:13-cr-00046-JRG   Document 774   Filed 04/22/21   Page 3 of 6   PageID #: 2777

### III. ANALYSIS

Mr. Guy is brief in presenting his argument for a sentence reduction, stating that he is "request[ing] a modification or reduction of [his] sentence pursuant to 18 U.S.C. § 3582(c)(2) and the new guideline amendment 782." [Def.'s Mot. at 1]. In response, the United States argues that Mr. Guy is not entitled to a sentence reduction because he received a mandatory minimum sentence. [United States Resp. at 2–3]. In other words, the United States contends that Mr. Guy is ineligible for a sentence reduction because amendment 782 "has no effect" on a mandatory minimum sentence. [*Id.* at 2].

When a statute requires a court to impose a mandatory minimum sentence that exceeds a defendant's guidelines range, it replaces that guidelines range. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). In Mr. Guy's case, the 120-month mandatory minimum sentence exceeded and replaced his guidelines range of 108 to 135 months. *See* [United States' Sent. Mem., Doc. 480, at 1 (stating that "the United States Probation Office establishes the advisory guideline range to be 108 to 135 months' imprisonment . . . . However, as noted in the PSR, the statutorily required mandatory minimum sentence in this case is 10 years, which is greater than the minimum of the applicable guideline range . . . . Accordingly, the applicable guideline range is 120 to 135 months.")]; *see also United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) ("[T]he defendant's crack cocaine guideline range was 235 to 293 months but, because he was subject to a mandatory minimum sentence of 240 months, his guideline range became 240 to 293 months." (citation omitted)).

"Whether a sentence is 'based on' the mandatory minimum or the advisory guidelines," however, "turns on 'what the district court actually said and did at the original sentencing,'" as well as the parties' conduct and the attorneys' arguments. *United States v. McClain*, 691 F.3d

4

774, 778 (6th Cir. 2012) (footnote and quotation omitted). At sentencing, the United States acknowledged that Mr. Guy was subject to a mandatory minimum term of 120 months' imprisonment and argued that it was the appropriate sentence. [United States' Sent. Mem. at 2]. So did Mr. Guy. [Def.'s Sent. Mem., Doc. 478, at 1, 6]. The Court ultimately acknowledged that the "mandatory minimum sentence [was] imposed." [Statement of Reasons at 1].

Because the Court based Mr. Guy's sentence on a statutory mandatory minimum rather than a "sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2), Mr. Guy is not eligible for a reduction, *see United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013) ("[The defendant's] sentence was based on the statutory minimum sentence, not the crack cocaine guideline range. Because the Sentencing Commission's amendments to the crack cocaine guidelines have no effect on statutory minimum sentences mandated by Congress, [the defendant's] sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" (citations omitted) (quoting § 3582(c))); *see also McPherson*, 629 F.3d at 611–12 ("[The defendant]'s sentence was not based on a guidelines range that was subsequently reduced. . . . [I]t was based on the 240–month minimum sentence mandated by statute. . . . [The defendant therefore] was not eligible for a sentence reduction pursuant to § 3582(c)(2), and the district court did not err by denying [his] motion."); USSG § 1B1.10 cmt. n.1(A) (stating that "a reduction in the defendant's term of imprisonment is not authorized" if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

5

## IV. CONCLUSION

Mr. Guy fails to establish that he is eligible for a sentence reduction under § 3582(c)(2). His pro se motion [Doc. 595] is therefore **DENIED**.

So ordered.


ENTER:

                                                        s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE